UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT TROY COOK, | ) Case No. EDCV 14-2259-BRO (JPR) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| GREG LEWIS, Warden, | ) |
| Respondent. | ) |

    On October 28, 2014, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody. The Petition challenges his 2000 convictions and life sentence in San Bernardino County Superior Court for murder and related offenses.  (Pet. at 3.)  Petitioner raises several ineffective-assistance-of-counsel claims (id. at 6), which he apparently raised in state-court habeas petitions beginning in May 2013 (id. at 4).

    Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner generally has one year from the date his conviction became final to file a federal habeas petition. See 28 U.S.C. § 2244(d).  That statute provides:

1

        (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

        (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

        (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

No statutory tolling is available when the first state habeas petition was filed after the expiration of the limitation

period.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if state petition was timely filed).

The Court's review of the California Appellate Courts' Case Information website reveals that Petitioner's petition for review was denied on January 3, 2002.  His conviction thus became final 90 days later or shortly thereafter, depending upon whether he filed a petition for writ of certiorari to the U.S. Supreme Court.  He therefore had until approximately mid-2003 to file his federal Petition.  He did not file it until more than 11 years later; he did not file his first state habeas petition raising the same claims until May 2013, "over a decade" after his convictions became final, as the superior court noted in denying the petition. (Pet., Ex. H.)  Thus, no statutory tolling appears available to Petitioner.  See Ferguson, 321 F.3d at 823.

Petitioner's only explanation for filing his federal Petition late is that he did not discover the basis for his claims until 2010, after the state superior court granted his request for discovery of his trial lawyer's case file, and he then had to "find help" to prepare and file his petitions. (See Pet. at 2, 4, 20 & Ex. F.)  To the extent Petitioner argues that he is entitled to a later trigger date of the statute of limitations under § 2244(d)(1)(D), he has offered no valid explanation for why he did not earlier seek a copy of his case file from his attorney.  He asserts that he "spent years attempting to obtain money from family and friends to hire post-conviction counsel," but that cannot legally excuse his delay.

See, e.g., Romero v. Sullivan, No. CV 09-03352-MMM (RNB), 2009 WL 3698090, at *6-7 (C.D. Cal. Nov. 5, 2009) (collecting cases holding that ignorance of the law and inability to afford attorney not extraordinary circumstances justifying equitable tolling).

In any event, all but one of Petitioner's ineffective-assistance subclaims were necessarily known to him at the time of trial. He claims that his counsel was ineffective for (1) failing to file a motion under California Penal Code section 1101, arguing that he could not be convicted based only on an accomplice's testimony; (2) failing to cross-examine a witness; (3) failing to ask for joint and several liability for the restitution fine; and (4) failing to move to sever his trial from his codefendant's. (Pet. at 6.) Although in his introduction to the Petition Petitioner asserts that "counsel had recorded and documented interviews from two witnesses and failed to introduce the evidence in Petitioner's defense" (Pet. at 2),[1] he does not appear to raise any such claim in the actual body of the Petition. Even if that assertion relates to his claim that counsel failed to cross-examine a witness (see Pet. at 8 & Ex. D at 41-42) and he is therefore entitled to a trigger date of mid-2010 as to that one claim, see Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012) (timeliness of habeas claims judged on individual basis), it was nonetheless likely untimely by three

---

[1] Petitioner summarily asserts that "[t]his is part of my actual innocence argument" (Pet. at 2), but there is no actual innocence argument anywhere in the federal Petition, nor does it appear that he raised any such claim in his state supreme court habeas petition, which he attached to his Petition.

4

years.

In certain circumstances, a habeas petitioner may be entitled to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010). But he must show that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner has not offered any legally sufficient explanation for why he did not earlier seek his case file and why he could not have filed his state petitions soon after receiving the file, in 2010. He also has not explained why it took him more than eight months from the state supreme court's denial of his habeas petition in that court to file his federal Petition.

A district court has the authority to raise the statute-of-limitations issue sua sponte when untimeliness is obvious on the face of a petition; it may summarily dismiss the petition on that ground under Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, as long as the court gives petitioner adequate notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that on or before **December 8, 2014**, Petitioner show cause in writing, if he has any, why the Court should not dismiss this action because it is untimely for the reasons stated above. If Petitioner seeks to rely on the equitable tolling doctrine, he must provide detailed factual allegations and evidentiary support, at least through his own sworn declaration, demonstrating that an "extraordinary circumstance" stood in his way and that he was reasonably diligent in trying to circumvent it. Further, Petitioner is

1  advised that his failure to timely and sufficiently comply with
2  this Order may result in his Petition being dismissed, for the
3  reasons stated herein and for failure to prosecute.

5  DATED: November 13, 2014            /s/ Jean Rosenbluth
                                       JEAN ROSENBLUTH
6                                      U.S. MAGISTRATE JUDGE